*E-filed on* _____8/31/06_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANSHI D. MALVIYA,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, SAN JOSE POLICE CHIEF, MR. ROBERT DAVIES, RON GONZALES, MAYOR OF THE CITY OF SAN JOSE, POLICE OFFICER JOHN WEST, and SAN JOSE CITY MANAGER,<br><br>   Defendants. | No. C-05-05427 RMW<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>**Re Docket No. [17]** |

Defendant City of San Jose ("City") on behalf of itself and the other defendants[1] moves to dismiss *pro se* plaintiff Curtis Malviya's ("Malviya") complaint for insufficiency of service of process and for failure to state a claim. In the alternative, defendants move for a more definite statement. Malviya filed an opposition July 10, 2006. The court heard oral argument on August 4,

---

[1] The other defendants include City subdivision San Jose Police Department, and City employees Police Chief Robert Davies, Mayor Ron Gonzales, the City Manager, and Police Officer John West. These defendants, along with City, are collectively referred to as "defendants."

ORDER RE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND TO DISMISS FOR FAILURE TO STATE A CLAIM—C-05-05427 RMW
SPT/PCS

2006.[2]  The court has reviewed the parties' papers and considered their arguments.  For the reasons set forth below, the court GRANTS defendants' motion to dismiss for failure to state a claim, GRANTS defendants' motion to dismiss for insufficiency of service of process as to the San Jose Police Department, Police Chief Robert Davies, Mayor Ron Gonzales, and the City Manager, and DENIES as moot defendants' motion to dismiss for insufficiency of service of process as to the City of San Jose and Officer John West.  Plaintiff has twenty (20) days from the date of this order to amend his complaint, except as to any claims under 18 U.S.C. § 245 or under 42 U.S.C. § 1983 against the San Jose Police Department.

## I. BACKGROUND

### A.   Factual Allegations

On September 24, 2004 Malviya drove into the campus of Cadence Design Systems on Montague Street in San Jose.  Compl. at 1 ¶ IV.  Malviya was feeling "unenergetic" and asked an employee to get him some sugar and water.  *Id.*  The employee called the police and Officer John West responded.  *Id.*  Before arriving, Officer West called an ambulance.  *Id.*

Malviya asked Officer West for either a glass of water or to be able to walk to a coffee shop about two hundred yards away to get one.  *Id.* at 2 ¶ IV.  Officer West refused both of these requests.  *Id.*  Officer West allegedly detained Malviya for "over an hour."[3]  *Id.*  Malviya alleges that he was then forced to go to a hospital.  *Id*. at 2 ¶ IV.e.

Malviya alleges that Officer West used "abusive and threatening language," and states that Officer West's "taking away the liberty of [his] movements interfered with his medical, mental and physical well-being."  *Id.* at 2 ¶ IV.e.  According to Malviya, Officer West "filed a false report . . . knowing full well that he was willfully filing a false report," and that "[s]ubsequently the plaintiff was unable to get any help from the San Jose Police Department."  *Id.*

---

[2]   Only counsel for the City of San Jose appeared at the hearing.  However, plaintiff did appear later on the hearing date for the case management conference.

[3]   Malviya's states in opposition that he was detained by Officer West for "nearly 3-4 hours."  Opp. at 5.

Malviya refers to himself as "disabled" without identifying his disability in his complaint.[4] Malviya also alleges that "Mr. West's act of physical intimidation [was] because of plaintiff's ethnicity, national origin and disability." *Id.* Further, Malviya alleges that "[t]he San Jose Police Department did not offer training/retraining to Officer John West in order to deal with plaintiff's disabilities." *Id.*

**B.    Complaint**

On December 30, 2005 Malviya filed the present action. *Id.* at 1. According to defendants' motion and Malviya's opposition, Malviya personally served process on the defendants. Defs.' Mot. Dismiss at 4; Opp. at 5.

While Malviya's complaint provides the court with little, if any, reasonable basis for inferring what legal theory he is advancing,[5] it appears that Malviya alleges a violation of the Americans With Disabilities Act (ADA). Compl. at 2 ¶ IV.d. Malviya also appears to allege civil rights violations pursuant to 42 U.S.C. § 1983, including a cause of action for discrimination on the basis of his "ethnicity, national origin and disability," *id.* at 2 ¶ IV.e., and violations of his Fourth and Fourteenth Amendment rights. *Id.* at 2 ¶ IV.f. In addition, Malviya alleges a violation of 18 U.S.C. § 245, which he characterizes as a "hate crime." *Id.* at 2 ¶ IV.e.

## II.  ANALYSIS

**A.    Legal Standards**

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 2006 WL 1460220, at *1

---

[4] Though unclear from the complaint, Malviya's Opposition suggests that he is diabetic. *See* Opp. at 6 ("[C]itizens with diabetes and severely handicapped people can be plucked from . . . the streets at any time. This is precisely what happened to me.").

[5] Malviya states that "Mr. West held plaintiff against his will for over an hour for no reason. Mr. West's misconduct is under the purview of USC 832.5 and USC 13012." Compl. at 2 ¶ IV. Malviya also alleges, in discussing his detention and subsequent forced visit to the hospital that "John West committed human rights abuses. The US laws under U.S.C. 28 1350. USC 42 1083, 1331 and USC 1367(a) provide the necessary vehicle for the US Federal District Court to provide relief to me." *Id.* at 2 IV.e. These citations provide no basis for inferring which code sections plaintiff believes entitles him to redress.

(C.D. Cal. Apr. 21, 2006). Under the Federal Rules of Civil Procedure "service may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2).

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

In addressing defendants' motion to dismiss, this court is "mindful of Supreme Court precedent that instructs federal court liberally to construe the inartful pleading of *pro se* litigants," and that "[t]his rule is particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1991) (quotations omitted). However, "a *pro se*'s party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . Bald assertions and conclusions of law will not suffice." *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002).

**B.     Motion to Dismiss Complaint for Insufficiency of Process**

Defendants move to dismiss the complaint for insufficiency of process because "[p]ersonal service by the plaintiff party Malviya [was] in violation of FRCP 4(c)(2)." Defs.' Mot. Dismiss at 4. Plaintiff does not dispute that he personally served process on the defendants. Opp. at 5.

Malviya filed his complaint December 30, 2005, and more than 120 days have passed since the filing of his complaint. Federal Rule of Civil Procedure 4(m) states, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that an action may be dismissed for insufficiency of process. However, "the court is required to extend the time for service if the plaintiff shows 'good cause" for failure," and "[at] *minimum*, 'good cause' equates with the 'excusable neglect' standard under Rule 6(b). *Alamzad v. Lufthansa Consulting Group*, 2005 WL 1869400, at *2 (N.D. Cal. Aug. 4, 2005) (emphasis in original). The Ninth Circuit standard for identifying good cause states that "a plaintiff may be required to show the following factors in order to bring an excuse to the level of good cause: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice, and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Here, service was improper as plaintiff served defendants personally. Nevertheless, the City (on behalf of itself and the other defendants) has already responded to the complaint with the present motions. At the August 4, 2006 hearing, counsel for City agreed that both City and Officer West will appear without further service. Accordingly, the motion to dismiss for insufficiency of process as to City and to Officer West is denied as moot. As to defendants the San Jose Police Department,[6] Police Chief Robert Davies, Mayor Ron Gonzales, and the City Manager, there is no indication of actual notice. The court finds that service of these defendants was inadequate.

### C.     Americans With Disabilities Act

City argues that Malviya's cause of action for violation of ADA should be dismissed pursuant to Rule 12(b)(6). Defs.' Mot. Dismiss at 5. City contends that Malviya failed to "identify his disability or any rational connection between the conduct alleged by plaintiff and his undisclosed disability," and hence failed to allege any violation of the ADA. *Id.* (citing Compl. ¶ IV c, d). In his complaint, Malviya alleges that the "Police Department did not offer training/retraining to Officer John West in order to deal with plaintiff's disabilities." Compl. at ¶ IV.d. Malviya also alleges that "Officer West used abusive and threatening language against the disabled plaintiff [causing him]

---

[6]     Moreover, as addressed below, the San Jose Police Department is not a proper defendant.

tremendous confusion and strain." *Id.* at ¶ IV.b.  Malviya has provided only "[b]ald assertions and conclusions of law," without factual allegations giving rise to any inference that a disabilities act violation occurred.  Plaintiff's conclusory allegations are insufficient to withstand a motion to dismiss for failure to state a claim.  *See Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002).  Defendants' Rule 12(b)(6) motion to dismiss Malviya's cause of action for violation of ADA is granted.

### D. 18 U.S.C. § 245

Malviya's complaint appears to allege a "hate crime" in violation of 18 U.S.C. § 245, offering as predicate facts "Mr. West's act of physical intimidation and harassment, because of plaintiff's ethnicity [and] national origin."  Compl. at 2, ¶ IV.c.  However, 18 U.S.C. § 245 "is merely the criminal counterpart to Title II" of the Civil Rights Act of 1964.  *United States v. Allen*, 341 F.3d 870, 882 (9th Cir. 2003).  Accordingly, this cause of action is not properly brought before this court and is dismissed.  Dismissal of plaintiff's 18 U.S.C. § 245 claim is, however, without prejudice to any assertion of a violation of Title II of the Civil Rights Act of 1964.

### E. Plaintiff's § 1983 Cause of Action

Malviya's complaint appears to allege a claim for relief based on violations of 42 U.S.C. § 1983.  *Id.* at 1-2.  As an initial matter, the court dismisses this claim against the San Jose Police Department.  "Police departments are not suable entities under [s]ection 1983.  The proper defendant is the municipality."  *James v. City of Long Beach*, 18 F. Supp. 2d 1078, 1081 (C.D. Cal. 1998).

"Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federal protected right. . . .  To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  Malviya appears to contend that Officer West used threatening language (including a threat to arrest) to detain plaintiff until the ambulance called by Officer West arrived, and forced plaintiff to go to the hospital.  On this basis, plaintiff alleges that "the police violated [his] [F]ourth and [F]ourteenth [A]mendment rights."  Compl. at 2 ¶ IV.f.

As noted above, the Police Department is not a proper defendant to a § 1983 claim.  To the

extent plaintiff seeks to impose § 1983 liability upon the municipality, plaintiff has alleged no facts that the City of San Jose, by official policy, practice, or custom, caused the alleged deprivation of plaintiff's Fourth or Fourteenth Amendment rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Moreover, assuming Officer West was following official policy in calling an ambulance and requiring an apparently ill individual to be taken to a hospital for medical attention, the court does not find that such a course of action under the facts alleged constitutes a violation of plaintiff's constitutional rights or deliberate recklessness on the part of Officer West to deprive plaintiff of his civil rights.

**F.     Leave to Amend**

The court grants plaintiff leave to amend, except as to a claim under 18 U.S.C. § 245.[7] The claim against the San Jose Police Department is dismissed as the correct defendant is the City of San Jose.

### III.  ORDER

For the foregoing reasons, the court GRANTS defendants' motion to dismiss for failure to state a claim, GRANTS defendants' motion to dismiss for insufficiency of service of process as to the San Jose Police Department, Police Chief Robert Davies, Mayor Ron Gonzales, and the City Manager, and DENIES as moot defendants' motion to dismiss for insufficiency of service of process as to the City of San Jose and Officer John West. Plaintiff has twenty (20) days from the date of this order to amend his complaint, except as to any claims under 18 U.S.C. § 245 or under 42 U.S.C. § 1983 against the San Jose Police Department.

DATED:     8/31/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[7]     However, as discussed above, dismissal of the 18 U.S.C. § 245 claim is without prejudice to any claim plaintiff may make under Title II of the Civil Rights Act of 1964.

**A copy of this order was provided to:**

**Counsel for Plaintiff:**

Banshi D. Malviya
2236 Farmcrest Street
Milpitas, CA 95035
408-946-6377
PRO SE


**Counsel for Defendants:**

Richard Doyle
Nora Friman
Robert Burchfiel
Office of the City Attorney
200 East Santa Clara Street
San Jose, CA 95113-1905
408-535-1500
cao.main@sanjoseca.gov

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:**      8/31/06                              SPT
                                          **Chambers of Judge Whyte**